UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH EDWARD FRANCIS LUIZ,

                Plaintiff,

-against-

DONALD TRUMP,

                Defendant.

21-CV-3836 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*, without specifying the basis for the Court's jurisdiction over this matter. By order dated June 16, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's complaint is handwritten and not always legible. He contends that unidentified Jewish people have "concocted the Judeo-Christian religion as a defensive-weapon against their neighbors." (*Id.* at 3.) He states that "other Jews ha[ve] concocted the false and fraudulent 'Judeo-Islamic religion' as a means of [e]nsuring that their neighbor[s] did not attack them again." (*Id.*) Plaintiff names Donald Trump as the sole defendant in this matter.

Plaintiff also makes a seemingly unrelated allegation that "on January 5 or 6, 2021, the defendant caused the attack on the [N]ation's capitol, and [he] plans to do it again." (*Id.*) Plaintiff seeks damages and seeks to ensure that Defendant "does not seek 'public office' again." (*Id.* at 4.)

In a letter to the Court received May 10, 2021, Plaintiff notes that he has a matter pending in the U.S. Supreme Court, that also raises claims about the "false and fraudulent Judeo-Christian religion." (ECF 3 at 1.) In addition, Plaintiff adds in the letter that "there is an error on my part that also added cannibalism (the eating of human flesh). . . . It happened during the Crusades." (*Id.*)

## DISCUSSION

The Court construes Plaintiff's allegations that Defendant Trump caused the January 6, 2021 attack on the Capitol as an assertion that Defendant engaged in criminal activity. As a private citizen, however, Plaintiff cannot initiate the prosecution of Defendant in this Court,

2

among other reasons, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's allegations, seeking to charge Defendant with engaging in criminal activity and disqualify him from holding public office, for failure to state a claim upon which relief can be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

As to Plaintiff's remaining claims, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the complaint for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: July 2, 2021
        New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge